SARAH E. BRIGGS *vs.* JOHN B. ALLEN, Town Treasurer.

PROVIDENCE—APRIL 4, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Municipal Corporations. Ultra Vires Acts. Highways.*

A municipal corporation is not liable for acts of a highway surveyor not authorized by the town or by the town council thereof and not done in pursuance of any general authority on the part of said surveyor of highways to act for the town in the premises.

TRESPASS *quare clausum.* Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, J. This is an action of trespass *quare clausum,* and is brought to recover damages alleged to have been sustained by the plaintiff's testator in his lifetime by reason of certain wrongful acts committed by the surveyor of highways of district No. 1 in the defendant town of Warwick.

The declaration sets out that on the —— day of August, 1900, and upon other days following the same, the defendant by its agents and servants, to wit, its highway surveyor of highway district No. 1, and other agents and employees working under the direction of said surveyor, with force and arms broke and entered the plaintiff's testator's close, therein described, and forcibly tore down and removed a bank wall standing thereon; cut down and destroyed two large and valuable shade trees growing upon said land; dug up and carried away a large amount of loam and soil from said close; and

seized and appropriated about nine hundred square feet of the northern portion of said close, adjoining Main street, for public purposes, to wit, for the purpose of widening said Main street. And the plaintiff avers that the defendant corporation has hitherto held possession of said portion of said close, using the same for highway purposes, to the exclusion of the plaintiff's testator during his lifetime.

To this declaration the defendant has demurred, on the grounds (1) that it does not show that the defendant town of Warwick in its corporate capacity has committed any trespass, or authorized any trespass to be committed; (2) that it does not show that said town in its corporate capacity has taken any steps in the matter of widening said Main street, or has appropriated any land belonging to the plaintiff's testator; and (3) that a highway surveyor is not an agent and servant of a town who can make the town liable for his unauthorized acts.

The case, as stated in the plaintiff's declaration, simply comes to this: That the highway surveyor of district No. 1 in said town, together with the workmen under his control, wrongfully entered upon the land in question and wrongfully committed the acts complained of. It is not alleged that the defendant town, or the town council thereof, in any way authorized the commission of said acts, or that either of said bodies ratified them after they were committed. The declaration, therefore, states a bald case of trespass on the part of the persons who committed the acts, and nothing more.

That the highway surveyor had no authority to take the land in question for the widening of said highway, or to do the other acts complained of, goes without saying. Indeed, the defendant town itself had no such authority, but only the town council thereof, and that only in the manner provided by statute. *Smart* v. *Johnston,* 17 R. I. 778.

(1) The acts complained of, then, not having been authorized by the defendant town or by the town council thereof, and not having been done in pursuance of any general authority on the part of said surveyor of highways to act for the town in the premises, it clearly follows that the town is not liable

therefor.    *Donnelly* v. *Tripp*, 12 R. I. 97.    See also *Horton* v. *Newell, City Treas.*, 17 R. I. 571.

Had the acts complained of been such as the town council of the town might properly have directed the surveyor of highways to do, such acts might, *prima facie*, be regarded as the acts of the town, which is answerable for the repair of its streets and highways, the statute providing—Gen. Laws R. I. cap. 72, § 7—that surveyors of highways shall execute the directions given them by the town council or the committee thereof.    *Inman* v. *Tripp*, 11 R. I. p. 527.    But, as we have already seen, said acts were not such as either the town or the town council could legally have authorized.

Plaintiff's counsel argues in his brief that the declaration not only alleges a trespass by the agents and servants of the town, but also a trespass by the town itself in wrongfully holding possession of the land taken, to the exclusion of the plaintiff.

Just what is meant by holding possession, on the part of the town, of land taken or used for a public highway is not clear.    The town in its corporate capacity cannot properly be said to hold possession of its streets and highways in the ordinary sense of that term.    The right to use and enjoy the public highways is in the public at large, and not simply in the municipality in its corporate capacity.    In other words, highways are for public use without regard to the municipality within which they are situated, and under whose direction and at whose expense they are constructed and kept in proper repair.

But, at most, all the possession which the defendant town is alleged to have exercised over the land taken, as aforesaid, as we read the plaintiff's declaration, is that its surveyor of highways has taken the same in manner aforesaid, and thrown it open for public travel as a part of said Main street. This act, however, having been wholly illegal and without authority, did not have the effect to put the defendant in possession thereof, even conceding, for the sake of the argument, that it is in possession of the land occupied by its regular streets and highways ; and hence the allegation in the dec-

laration that it has retained possession of said land, amounts to nothing.

That a surveyor of highways is not the agent of the town to the extent of rendering it liable for his acts, outside of those which are performed in the line of his statutory duties, or by direction of the town council, see *State* v. *White*, 16 R. I. 591; *Mathewson* v. *Hawkins*, 19 R. I. 16 ; and *Sweet* v. *Conley*, 20 R. I. 381.

For the reasons above given, the demurrer is sustained ;. and as it is clear that the plaintiff has no cause of action against the defendant, the case is remitted to the Common Pleas Division with direction to enter judgment for the defendant for its costs.

*P. Henry Quinn*, for plaintiff.

*Job S. Carpenter*, for defendant.